ELIZABETH F. ROJAS
CHAPTER 13 TRUSTEE
15260 VENTURA BOULEVARD
SUITE 710
SHERMAN OAKS, CALIFORNIA 91403
PHONE:    (818) 933-5700
FACSIMILE:    (818) 933-5755

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA  SAN FERNANDO VALLEY DIVISION

| In re: | ) Case No. 1:19-bk-12968-MT |
|---|---|
| | ) |
| | ) Chapter 13 |
| | ) |
| KEVIN FREDERICK MONTAGUE, | ) CHAPTER 13 TRUSTEE'S NOTICE OF |
| | ) OBJECTION AND OBJECTION TO DEBTOR'S |
| Debtor(s). | ) CLAIM OF EXEMPTION PURSUANT TO |
| | ) CALIFORNIA CIVIL CODE §704.950. |
| | ) |
| | ) Hearing Date:    March 31, 2020 |
| | ) Time:    11:00 a.m. |
| | ) Location:    Courtroom 302 |
| | )         21041 Burbank Boulevard |
| | )         Woodland Hills, CA 91367 |
| | ) |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR(S), THE DEBTOR'S ATTORNEY, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that the Trustee hereby objects to the exemptions claimed by the Debtor pursuant to 11 U.S.C. §522(1) and Federal Rule of Bankruptcy Procedure 4003(b). This objection is based upon the within argument, the attached declaration and exhibits, the information in the files and records of the Court and the Chapter 13 Trustee, and such oral and written evidence that may be presented at the hearing. The Trustee requests that the Court take judicial notice of its files and records in support of this objection pursuant to Rule 201 Federal Rules of Evidence.

**PLEASE TAKE NOTICE** that if you wish to oppose this Objection, Local Bankruptcy ("L.B.R.") 9013-1(f) requires a written response to be filed and served at least 14 days before the above hearing date. Further, L.B.R. 9013-1(h) provides that failure to file such opposition may be deemed by the Court to be consent to the sustaining of this objection. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 157 and 28 U.S.C. 1334.

Dated this 19th February 2020

ELIZABETH F. ROJAS
Chapter 13 Trustee

## I. STATEMENT OF THE FACTS

Debtor has attempted to exempt $157,739.00 of equity in real property located at 5744 Burnet Avenue, Van Nuys, CA 91411 under C.C.P. §704.950. [A true and correct copy of Debtor's Schedule C is attached hereto as Exhibit A and incorporated herein by reference.] The Trustee objects to Debtor's attempt to exempt the equity in this real property because Debtor has not provided evidence that he is entitled to this exemption.

## II.     ARGUMENT

### A. C.C.P. §704.950 PROVIDES AN EXEMPTION TO A JUDGMENT LIEN ON REAL PROPERTY…DOES NOT ATTACH TO A DECLARED HOMESTEAD IF CERTAIN CRITERIA IS MET.

The Trustee objects to Debtor's attempt to exempt $157,739.00 of equity in real property under C.C.P. §704.950 for the following reason(s):

C.C.P. § 704.950 provides that judgment liens on real property, except as provided in subdivisions (b) and (c) of Article 2 §697.310 of Chapter 2 of Enforcement of Judgment liens – do not attach to a declared homestead if the homestead was recorded prior to the judgment being recorded or the homestead declaration names the judgment debtor as a declared homestead owner.

C.C.P. §704.730(a)(3) provides for an exemption up to $175,000.00 of equity in a residence if the Debtor is 65 or older, physically or mentally disabled or 55 years or older with an annual income of no more than $25,000.00.

Debtor has incorrectly attempted to exempt $157,739.00 of equity in his real property under C.C.P. §704.950. Debtor has provided no evidence (i.e. a copy of a filed and homestead declaration) that he is entitled to this exemption under this section. Debtor also has provided no evidence he is entitled to receive an exemption of $157,739.00 in equity in his residence. Therefore, since Debtor has failed to provide evidence that he is entitled to this exemption Debtor's claim of exemption should be denied and limited to $100,000.00.

///

## CONCLUSION

The Trustee respectfully requests that this Court deny Debtor's exemption of equity in his real property to the extent that the incorrect exemption was used and order Debtor to commit the equivalent funds to the plan under a liquidation analysis pursuant to 11 U.S.C 1325(a)(4).

Dated this 19th February 2020

_____
ELIZABETH F. ROJAS
Chapter 13 Trustee

## DECLARATION OF ELIZABETH F. ROJAS

I, Elizabeth F. Rojas, do hereby declare as follows:

1. I am the duly appointed Chapter 13 Standing Trustee, Elizabeth F. Rojas in the above – captioned case. I have personal knowledge of the facts hereinafter set forth, and if called upon as a witness, I could and would testify competently thereto.

2. The Section 341(a) examination of Debtor was conducted on January 22, 2020.

3. The Trustee objects to Debtor's attempt to exempt $157,739.00 of equity in real property under C.C.P. §704.950. [A true and correct copy of Debtor's Schedule C is attached hereto as Exhibit A and incorporated herein by reference.]

4. To date Debtor has not submitted an amended Schedule C addressing the Trustee's objections.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th February 2020



ELIZABETH F. ROJAS
Chapter 13 Trustee

**EXHIBIT A**

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Kevin Frederick Montague | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:  Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| 5744 Burnet Avenue Van Nuys, CA 91411 Los Angeles County<br>Line from Schedule A/B: **1.1** | $733,829.00 | ■ $157,739.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.950 |
| 1994 Dodge Spirit<br>Line from Schedule A/B: **3.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| household furnishings<br>Line from Schedule A/B: **6.1** | $1,500.00 | ■ $1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| electronics<br>Line from Schedule A/B: **7.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| misc. clothing<br>Line from Schedule A/B: **11.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

Official Form 106C          Schedule C: The Property You Claim as Exempt          page 1 of 2
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy


Page 6    Exhibit A

Debtor 1   **Kevin Frederick Montague**                                                    Case number (if known)

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
       ☐ No
       ☐ Yes

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15260 VENTURA BLVD., STE. #710 SHERMAN OAKS, CA 91403

A true and correct copy of the foregoing document entitled (*specify*): CHAPTER 13 TRUSTEE'S NOTICE OF OBJECTION AND OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION PURSUANT TO CALIFORNIA CIVIL CODE §704.950

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/20/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Scott Kosner                              scottk@tysonfirm.com
UNITED STATES TRUSTEE (SV)                USTPREGION16.SV.ECF@USDOJ.GOV

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/20/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kevin Montague  5744 Burnet Ave. Van Nuys, CA 91411

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/20/2020 | RODERICK MATHIESON | *Roderick Mathieson* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**